```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Josephine Amatucci

    v.                                      Civil No. 17-cv-237-JL

Stuart Chase et al.[1]

## REPORT AND RECOMMENDATION

Before the court for preliminary review is Josephine Amatucci's complaint (Doc. No. 1) and complaint addenda (Doc. Nos. 6, 8, 12, 14-17, 19, 20, 23), asserting violations of her rights under the federal constitution and state law.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).  Also before the court for consideration, and a recommendation as to disposition, are the following motions filed by plaintiff

- Motion for Summary Judgment (Doc. No. 2);

- Motion for "Her Right Under Part 1, Article 14 of the Constitution" (Doc. No. 13);

- Motion for Relief from Judgment Under Rule 60 (Doc. No. 21); and

- Motion for Hearing to Redress Grievances (Doc. No. 22).

---

[1]In the caption of the complaint (Doc. No. 1), Mrs. Amatucci names the following defendants to this action: the Wolfeboro Police Department ("WPD"), former WPD Chief Stuart Chase, the Town of Wolfeboro ("Town"), Town employee Dave Owen, and former Town employee Rob Houseman.  In the body of her complaint and the complaint addenda, Mrs. Amatucci also identifies former WPD Officer James O'Brien and WPD Officer Shane Emerson as defendants to this action.  Each individual defendant is sued in his individual and official capacity.

## Preliminary Review

### I. Standard

In determining whether a pro se pleading states a claim, the court construes the pleading liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a claim to relief. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

### II. Background

This case arises out of Mrs. Amatucci's interactions with defendants, members of the Wolfeboro Police Department ("WPD") and employees of the Town of Wolfeboro ("Town"), on and after May 7, 2014. On that day, Mrs. Amatucci alleges that she went to the WPD to speak with then WPD Chief Stuart Chase to lodge a complaint about a WPD officer concerning a traffic violation. Mrs. Amatucci alleges that Chase would not accept her complaint, and instead, physically assaulted her by pushing her out of the building and told her that he would "get her" and arrest her if she ever complained about any of his officers again.

Mrs. Amatucci went to the Town Hall to complain to the

Board of Selectmen about Chase's behavior and threats. Once there, Mrs. Amatucci interacted with several Town employees, including Rob Houseman. As a result of that interaction, the Town employees, according to Mrs. Amatucci, falsely accused her of causing a disturbance in the Town Hall, and Houseman caused the WPD to be called in an effort to have Mrs. Amatucci arrested. Mrs. Amatucci claims that Houseman's actions in having the police called were part of a conspiracy to have her arrested, to silence her, and to retaliate against her for her past complaints against Chase and other WPD officers.

Before the police arrived at the Town Hall, Mrs. Amatucci stated that she was going to the Carroll County Sheriff's Department ("CCSD"). Mrs. Amatucci then left the Town Hall, intending to proceed to the CCSD to complain about Chase's conduct, and to seek protection, as she feared that Chase would make good on his alleged threats to "get her" and arrest her. WPD Officer James O'Brien arrived at the Town Hall after Mrs. Amatucci left. O'Brien or another member of the WPD called the CCSD to ask for help in pursuing Mrs. Amatucci. O'Brien and Chase also set out in pursuit of Mrs. Amatucci.

In the meantime, WPD Officer Shane Emerson saw Mrs. Amatucci's car and activated his blue lights and siren in an effort to pull Mrs. Amatucci over. Emerson later stated that

Mrs. Amatucci had been driving over the posted speed limit when he first saw her car on that day, and that he began to pursue her to pull her over for speeding. It also appears that, at the time, information had been communicated via police radio indicating that the police wanted Mrs. Amatucci stopped for causing a disturbance at the Town Hall. Mrs. Amatucci did not pull over for Emerson.

Mrs. Amatucci did pull over several miles later when a member of the CCSD, standing by the side of the road, signaled to Mrs. Amatucci to stop. Mrs. Amatucci was then arrested by Chase and O'Brien and charged with speeding and disobeying a police officer. Mrs. Amatucci was prosecuted on both charges, and was acquitted of speeding, but convicted of disobeying a police officer after a bench trial. See June 25, 2015 Order After Trial on Merits, State v. Amatucci, No. 464-2014-CR-836 (N.H. Cir. Ct., 3d Cir., Dist. Div., Carroll Cty.).

As a result of the events at the WPD and Town Hall on May 7, 2014, Town employees, including Dave Owen and Rob Houseman, caused a "No Trespass Order" ("NTO") to be issued, generally barring Mrs. Amatucci from entering the Town Hall or Town Public Safety Building, with certain exceptions. Mrs. Amatucci states the NTO was issued without a hearing at which she could contest the NTO's imposition on her right to be in those public

buildings. Mrs. Amatucci further alleges that the NTO defamed her, as it communicated to Town employees that she was dangerous.

Mrs. Amatucci also claims that Owen further defamed her by falsely reporting to a local newspaper reporter that Mrs. Amatucci had cost the Town taxpayers a lot of money in legal bills and resulting heightened insurance premiums. Mrs. Amatucci states that as a result, she has been the subject of contempt from other Wolfeboro residents, including a priest and a post office employee. Mrs. Amatucci also alleges, without elaboration, that she was defamed by a newspaper article "accusing her of committing crimes that she never committed." Doc. No. 20, at 3.

### III. Discussion

#### A. Failure to State a Claim

Mrs. Amatucci has sued Town employee Bob Houseman for malicious prosecution, alleging that he was part of a conspiracy to maliciously prosecute her for speeding, because Houseman's call and Mrs. Amatucci's prosecution for speeding were both motivated by an intent to retaliate against Mrs. Amatucci for making complaints about the police. Mrs. Amatucci has not stated facts that show that Houseman had any role in the instigation or execution of

5

Mrs. Amatucci's prosecution for speeding. "[A]llegations of conspiracy must . . . be supported by material facts, not merely conclusory statements." Slotnick v. Garfinkle, 632 F.2d 163, 165 (1st Cir. 1980) (per curiam) (citation omitted).

Mrs. Amatucci claims that Houseman caused the police to be contacted in order that Mrs. Amatucci be stopped from reporting her grievances to the CCSD. Houseman's actions at Town Hall, however, occurred before Mrs. Amatucci was in her car on the way to the CCSD at all, and certainly before any decision to prosecute her for speeding was made. Mrs. Amatucci has failed to assert facts to state a claim that Houseman had a sufficient connection to the speeding prosecution to render him liable for conspiracy to maliciously prosecute Mrs. Amatucci for that offense. Accordingly, the district judge should dismiss the malicious prosecution and conspiracy claims asserted against Houseman for failure to state a claim.

B.  Res Judicata

In this case, Mrs. Amatucci has asserted a number of federal constitutional and state law claims arising out of the events of May 7, 2014 and the ensuing prosecution, and concerning the NTO and Owen's alleged defamation. Those events

6

also gave rise to claims litigated by Mrs. Amatucci in a prior federal case, see Amatucci v. O'Brien, No. 15-cv-356-JL (D.N.H.) ("O'Brien").  O'Brien provides a basis for applying the doctrine of res judicata to bar most of the claims asserted here.

When the preclusive effect of a federal judgment by a court exercising federal question jurisdiction is at issue, the court applies federal law of claim preclusion.  Maher v. GSI Lumonics, Inc., 433 F.3d 123, 126 (1st Cir. 2005).  "Under the federal law of claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were raised or could have been raised in that action."  Hatch v. Trail King Indus., 699 F.3d 38, 45 (1st Cir. 2012).  "Claim preclusion applies if (1) the earlier suit resulted in a judgment on the merits, (2) the causes of action asserted in the earlier and later suits are sufficiently identical or related, and (3) the parties in the two suits are sufficiently identical or closely related."  Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 14 (1st Cir. 2010).

All of the defendants in this action were defendants in O'Brien, and almost all of the causes of action asserted here were asserted in O'Brien.  With one exception (namely, Mrs. Amatucci's claim here that defendants defamed her by causing a newspaper to publish an article falsely stating that she has

7

committed criminal acts), the identity of the parties and causes of action here and in O'Brien are sufficiently related to warrant application of res judicata.

The court in O'Brien issued a judgment on the merits as to all claims in that case, and then altered that judgment to dismiss without prejudice Mrs. Amatucci's malicious prosecution claims against Chase, O'Brien, and Emerson, which alleged that they were liable for damages under state and federal law, for prosecuting her maliciously for speeding, without probable cause. See November 15, 2017 Order, O'Brien (ECF No. 229). Therefore, Mrs. Amatucci's Fourth Amendment and state law malicious prosecution claims here against Chase, O'Brien, and Emerson, concerning her prosecution for speeding, are not barred by res judicata, as those claims were dismissed in O'Brien without prejudice.[2] All of the remaining claims in this lawsuit, arising out of the events of May 7, 2014 and the ensuing prosecution, and concerning the NTO and Owen's statements that Mrs. Amatucci had cost the Town taxpayers a lot of money in litigation costs and insurance premiums, are barred by the

---

[2]In an Order issued simultaneously with this Report and Recommendation, the court has directed service of Mrs. Amatucci's malicious prosecution claims on those defendants, and also directed service of a tort claim of malicious prosecution against the Town under a theory of respondeat superior, based on Chase's, O'Brien's, and Emerson's tortious conduct.

doctrine of res judicata.

C. Supplemental Jurisdiction

Under 28 U.S.C. § 1367(a),

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). "State and federal claims are part of the same 'case or controversy' for the purposes of section 1367(a) if they derive from a common nucleus of operative fact or are such that [they] . . . would ordinarily be expected to [be] tr[ied] . . . in one judicial proceeding." Allstate Interiors & Exteriors, Inc. v. Stonestreet Constr., LLC, 730 F.3d 67, 72 (1st Cir. 2013) (quotation marks and citations omitted).

Mrs. Amatucci asserts that one or more defendants defamed her by causing a newspaper to publish an article falsely stating that she has committed criminal acts, and that defendants responsible for that publication are liable under state law for defamation. The defamation claim at issue and Mrs. Amatucci's malicious prosecution claims do not appear to form part of the same case or controversy under Article III. The record in this case does not reveal

9

a substantial overlap as to the timing of the alleged tortious acts; the claims are not based on the same conduct or legal theories; and there is no apparent overlap as to the defendants (in that Mrs. Amatucci has not specifically alleged that Chase, Emerson, or O'Brien caused the newspaper to publish false facts about her criminal conduct). Accordingly, the district judge should dismiss Mrs. Amatucci's defamation claim, alleging she was falsely accused of criminal conduct in a newspaper article, without prejudice to her ability to refile that tort claim in state court.

## Motions

### I. Summary Judgment and Demand for Remedy (Doc. Nos. 2, 13)

In her motion for summary judgment (Doc. No. 2), and in her motion entitled "Her Right Under Part 1, Article 14 of the Constitution/Demand for Plaintiff's Entitled Remedy . . ." (Doc. No. 13) ("Demand for Remedy"), Mrs. Amatucci seeks a ruling from this court finding that her claims are established by facts beyond question, and that she is entitled to relief in this case, without a trial or other adversarial testing of the merits of those claims. Mrs. Amatucci asks the court to immediately find the defendants liable and to direct that this case proceed

to a jury only on the issue of damages.  In her summary judgment motion (Doc. No. 2), Mrs. Amatucci also asks the court to enter a finding that res judicata does not apply in this case.

Regardless of the strength of Mrs. Amatucci's case (of which the court expresses no opinion at this time), the defendants have a right to challenge Mrs. Amatucci's legal and factual assertions to the full extent permitted by the law.  The court cannot, at this stage of the proceedings, enter judgment for Mrs. Amatucci, and against the defendants, in this case.  Further, Mrs. Amatucci's arguments in this motion concerning the res judicata impact of past cases in this case are without merit.  Accordingly, the district judge should deny plaintiff's motion for summary judgment (Doc. No. 2) and her Demand for Remedy (Doc. No. 13), without prejudice to Mrs. Amatucci's ability to file a properly supported motion for summary judgment, pursuant to Fed. R. Civ. P. 56 and LR 56.1, at a later date, after the defendants have appeared and answered in this matter.

### II. **Motion for Relief from Judgment Under Rule 60 (Doc. No. 21)**

In her motion, Mrs. Amatucci asks this court to set aside a state court judgment declaring her a vexatious litigant in <u>Town of Wolfeboro v. Amatucci</u>, No. 212-2016-CV-090 (N.H. Super. Ct., Carroll Cty.).  The instant motion is not pertinent to the

underlying claims in this case, and the issues in the motion are not properly joined in this matter. Further, Mrs. Amatucci has filed another case in this court, <u>Amatucci v. Town of Wolfeboro</u>, No. 17-cv-581-LM ("<u>Amatucci v. Town</u>"), in which she seeks the relief sought by this motion. For these reasons, the district judge should deny the motion for relief from judgment (Doc. No. 21), without prejudice to Mrs. Amatucci's ability to fully litigate the issues and claims asserted in <u>Amatucci v. Town</u>, or in an appropriate challenge to the pertinent judgment in the state courts.

### III. Motion for Hearing to Redress Her Grievances Regarding an Expedited Jury Trial (Doc. No. 22)

In her motion docketed as Document No. 22, Mrs. Amatucci asserts that she is pursuing a private criminal prosecution of Stuart Chase, who is a defendant here, in state court. Mrs. Amatucci asks that this matter be expedited as she asserts that resolving this case would assist her in that prosecution. As defendants have not been served, appeared, or answered in this case, Mrs. Amatucci's request that her trial be expedited is premature. The request should be denied, therefore, without prejudice to Mrs. Amatucci's ability to seek an expedited trial schedule at the preliminary pretrial conference in this matter, which will be scheduled in due course.

12

Further, in her motion to expedite (Doc. No. 22), Mrs. Amatucci again asks that the court find she is entitled to relief on her claims and that this matter should proceed to a jury trial only on the issue of damages. For the reasons previously set forth in this Report and Recommendation, Mrs. Amatucci is not entitled to relief on that request without affording defendants any process. For these reasons, the district judge should deny Mrs. Amatucci's motion for an expedited hearing and/or trial (Doc. No. 22).

## **Conclusion**

For the foregoing reasons, the district judge should:

1. Dismiss with prejudice all of the claims in this case, except for the malicious prosecution claims asserted against defendants Stuart Chase, James O'Brien, Shane Emerson, and the Town of Wolfeboro, which are the subject of an Order directing service in this action, and Mrs. Amatucci's defamation claim, alleging that the defendants caused the publication of a newspaper article falsely stating she committed a crime, which should be dismissed without prejudice to Mrs. Amatucci's ability to refile that claim in state court.

2. Drop defendants Dave Owen and Robert Houseman from this action.

3. Deny the motion for summary judgment (Doc No. 2), the Demand for Remedy (Doc. No. 13), the motion for relief from judgment (Doc. No. 21), and the motion for an expedited hearing and trial (Doc. No. 22).

Any objections to this Report and Recommendation must be

filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

November 17, 2017

cc: Josephine Amatucci, pro se