UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

    v.                         Case No. 17-cv-237-JL

Stuart Chase et al.[1]

**REPORT AND RECOMMENDATION**

Before the court for preliminary review are complaint addenda (Doc. Nos. 27-31, 33-43, 45, 50, 51, 53, 54, 56, 61, 66-71) filed by plaintiff, Josephine Amatucci. See LR 4.3(d)(2). Also before the court are Mrs. Amatucci's motions: for an expedited jury trial (Doc. No. 32); to clarify (Doc. Nos. 46, 47); to amend the complaint (Doc. Nos. 49, 60, 72); and for summary judgment and/or directed verdict (Doc. Nos. 55, 73).[2]

---

[1] The defendants in this action are the Town of Wolfeboro, former Wolfeboro Police Department ("WPD") Chief Stuart Chase, WPD Officer Shane Emerson, and former WPD Officer James O'Brien. Mrs. Amatucci has filed a motion to amend (Doc. No. 60) to dismiss O'Brien from this action. In this Report and Recommendation, this court recommends that the district judge grant that motion.

[2] In addition to Mrs. Amatucci's documents identified as complaint addenda, in conducting this preliminary review the court also considers the factual assertions contained in documents Mrs. Amatucci has identified as responses to the November 17, 2017 Report and Recommendation (Doc. No. 24) ("November 17 R&R"), and the motions she has filed.

**Discussion**[3]

I. Issues Already Decided

In large part, Mrs. Amatucci's filings at issue in this Report and Recommendation ("R&R") either reassert claims that have been dismissed from this action, are asserted against defendants already dropped from this case, or reiterate arguments that have been rejected by the court. With the exception of matters specifically discussed in this R&R, Mrs. Amatucci's factual assertions and legal arguments are neither new nor more persuasive upon repetition. To the extent Mrs. Amatucci seeks, in any of her filings, to assert claims that have already been dismissed from this case, or to add defendants that are not presently in the case, the district judge should deny those requests.

II. Malicious Prosecution Claims

   A. Monell Claim

In her filings, Mrs. Amatucci repeatedly asserts that she wants Fourth Amendment malicious prosecution claims to proceed in this matter against the Town of Wolfeboro ("Town") and/or Town officials in their official capacities. In Monell v. Dep't of Soc. Servs., the Supreme Court authorized a suit against a

---

[3]The court employs the preliminary review standard set forth in the November 17 R&R.

town, under 42 U.S.C. § 1983, for a constitutional violation where "action pursuant to official municipal policy of some nature caused a constitutional tort."  436 U.S. 658, 691 (1978). Mrs. Amatucci alleges that, under the Fourth Amendment, the Town is liable to her for the malicious prosecution for speeding at issue in this case, because that prosecution was the effectuation of "de facto" municipal policies to ignore police misconduct and police misconduct complaints, and to violate Mrs. Amatucci's rights when she complained about the Wolfeboro Police Department ("WPD") and Town officers.  Mrs. Amatucci has stated the minimum facts necessary to state a Fourth Amendment malicious prosecution claim against the Town under Monell. Accordingly, in an Order issued this date, the court directs that the Monell claim be served on the Town, and further directs the defendants to answer that claim.

B.   Unlawful Detention

Mrs. Amatucci asserts that the court has not considered her claim challenging her pretrial "detention" that allegedly began on May 7, 2014 and lasted through the criminal prosecution at issue here.  Mrs. Amatucci's claim that she was detained, due to "the wrongful institution of legal process," is properly brought as a Fourth Amendment malicious prosecution claim.  See Filler v. Kellet, 859 F.3d 148, 152 n.2 (1st Cir. 2017) (recognizing

3

Fourth Amendment malicious prosecution claim for unlawful pretrial detention); Hernandez-Cuevas v. Taylor, 836 F.3d 116, 123 (1st Cir. 2016) (same).  Accordingly, a Fourth Amendment malicious prosecution claim based on Mrs. Amatucci's pretrial detention may proceed in this matter.  In an Order issued simultaneously with this Report and Recommendation, the court will direct the defendants to answer that claim.

C. State Law Claims

In this action, Mrs. Amatucci has indicated that she wants to proceed on Fourth Amendment malicious prosecution claims rather than under a state tort theory of malicious prosecution. The court previously ruled in this matter that both her Fourth Amendment malicious prosecution claims and her state law tort claims for malicious prosecution may proceed in this case against each of the defendants upon whom this court has directed service.  If Mrs. Amatucci wants to proceed only on her Fourth Amendment claims, and forego litigating the malicious prosecution claims she has asserted under state law, she must move to dismiss or withdraw those claims from this action.

D. Timothy Morgan

Mrs. Amatucci seeks to amend her complaint to add WPD prosecutor Timothy Morgan, who prosecuted her for speeding on

4

May 7, 2014, as a defendant to her malicious prosecution claims. Specifically, Mrs. Amatucci alleges that Morgan failed to produce, either to Mrs. Amatucci or at trial, the "true" video of what occurred in the WPD lobby on May 7, 2014, between Mrs. Amatucci and then WPD Chief Stuart Chase which, she alleges, would have exculpated her.  Mrs. Amatucci alleges that Morgan, instead, fraudulently, produced a different video, both in discovery and to the court, which Morgan represented to be the "true" May 7, 2014 WPD lobby video.

Prosecutors are entitled to absolute immunity from claims arising out of their "prosecutorial actions that are 'intimately associated with the judicial phase of the criminal process.'" Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)).  "The Imbler rule has been applied where prosecutors failed to disclose exculpatory evidence specifically requested by the defense, and where prosecutors misled the trial court in order to conceal their failure to disclose exculpatory evidence."  Reid v. New Hampshire, 56 F.3d 332, 336–37 (1st Cir. 1995) (internal citations omitted).

Mrs. Amatucci's assertions about Morgan's failure to provide the correct video, either to her or to the trial court, therefore, do not state a claim that may proceed against Morgan.

Accordingly, the district judge should deny Mrs. Amatucci's request to assert a malicious prosecution claim against Morgan.

III. James O'Brien

In a motion to amend (Doc. No. 60), Mrs. Amatucci has asked that this action not proceed against defendant James O'Brien. The District Judge should grant that motion and drop O'Brien from this case.

IV. First Amendment Retaliatory Prosecution Claims

Mrs. Amatucci asserts claims that her prosecution for speeding was retaliatory, in violation of her First Amendment rights. As explained in the November 17, 2017 Report and Recommendation (Doc. No. 24) ("November 17 R&R"), all claims arising out of the events of May 7, 2014 underlying this action, other than her claims alleging malicious prosecution, have either been litigated, or could have been litigated in previous actions in this court and/or the state courts, and are thus barred by res judicata.

Mrs. Amatucci's malicious prosecution claims escaped res judicata dismissal in this case because those claims had not accrued at the time Mrs. Amatucci's other claims concerning the events of May 7, 2014 were litigated. However, Mrs. Amatucci need not prove that the speeding charge was terminated in her

6

favor to state a First Amendment retaliatory prosecution claim. See Rapp v. Putnam, 644 F. App'x 621, 625 (D.C. Cir. 2016); see also Williams v. Davis, 609 F. App'x 866, 867 (7th Cir. 2015) (whether a person is convicted of a crime is irrelevant to retaliatory prosecution claim).  At the time defendants initiated Mrs. Amatucci's prosecution for speeding, therefore, all of the elements of a retaliatory prosecution claim were present and known to Mrs. Amatucci, and the claim thus became actionable at that time.  See Rapp, 644 F. App'x at 625.  Accordingly, Mrs. Amatucci could have brought her retaliatory prosecution claims in one or more of her previous lawsuits concerning the events of May 7, 2014, and such claims are therefore barred by res judicata.  For that reason, the district judge should deny Mrs. Amatucci's request to add a First Amendment retaliatory prosecution claim to this action.

V.   Lien on Mrs. Amatucci's Property

   A.   RICO

In 2015, Mrs. Amatucci filed a "right to know" action in the state court against Morgan.  See Amatucci v. Morgan, No. 212-2015-CV-00052 (N.H. Super. Ct., Carroll Cty.).  According to documents submitted by Mrs. Amatucci, the state court in that action issued an Order on August 12, 2015, directing her to pay the Town $4,460.89, the amount of Morgan's attorney's fees and

costs, on or before September 30, 2015. See id., Aug. 13, 2015 Notice of Decision (Doc. No. 42, at 5, 12). It further appears that, on December 13, 2017, an attorney for the Town placed a $4,460.89[4] lien on Mrs. Amatucci's property at the Carroll County Registry of Deeds to secure the August 12, 2015 state court judgment.

Mrs. Amatucci acknowledges the existence of the relevant judgment against her, but asserts that the judgment is invalid because her inability to prove her case in that matter was due to the fact that, at the time, she did not have evidence she needed. Mrs. Amatucci claims, on that basis, that the state court judgment is unenforceable, and therefore, the act of placing a lien on her property pursuant to that judgment constituted extortion and theft.

Mrs. Amatucci seeks to assert a claim against Morgan under the Racketeer and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO") for filing the lien. "To state a RICO claim, plaintiffs must allege four elements: '(1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity.'" Giuliano v. Fulton, 399 F.3d 381, 386 (1st Cir. 2005). Mrs. Amatucci's allegations, stripped of legal

---

[4] At times, in her filings, Mrs. Amatucci states that the lien was in the amount of $4500.89. The resolution of that discrepancy has no bearing on this R&R, and thus will not be addressed at this time.

8

conclusions, fail to demonstrate that Morgan has engaged in theft, extortion, or any other criminal conduct that could be construed as a pattern of racketeering activity. Accordingly, the district judge should deny Mrs. Amatucci's request to add a RICO claim against Morgan to this case.

### B. Retaliation

Mrs. Amatucci asserts that placing a lien on her property in December 2017 was a retaliatory act, taken in response to Mrs. Amatucci's exercise of her First Amendment right to petition the government for a redress of her grievances by filing this and other lawsuits, and lodging misconduct complaints against Town and WPD officials. To allege a First Amendment retaliation claim, plaintiff must allege: (1) that the conduct which led to the retaliation was protected by the First Amendment; (2) that [s]he suffered adverse action at the hands of the defendant; and (3) that there was a causal link between the exercise of [her] First Amendment rights and the adverse action taken. See Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011).

Here, Mrs. Amatucci has plainly engaged in conduct protected by the First Amendment, and for the purposes of conducting this preliminary review, the court will assume, without deciding, that the placement of the lien on Mrs.

9

Amatucci constituted an adverse act. However, Mrs. Amatucci has not demonstrated the existence of a causal link between her exercise of her First Amendment rights and the placement of the lien on her property demonstrating retaliation.

Mrs. Amatucci has baldly asserted that the state court judgment is invalidated by the fact that she now has better evidence than she did at the time that judgment was entered. She has not demonstrated, and the record does not otherwise reflect, that the state court judgment has actually been vacated or overturned. To the contrary, the documents Mrs. Amatucci has filed indicate that the judgment remains in effect. The Town's act of placing a lien on Mrs. Amatucci's property to secure a state court judgment that has not been invalidated, is not sufficient to demonstrate that the lien was placed with an intent to retaliate against Mrs. Amatucci or was otherwise caused by Mrs. Amatucci's complaints against the police. Accordingly, Mrs. Amatucci has failed to state a retaliation claim against any defendant upon which relief might be granted, and the court should deny Mrs. Amatucci's request to amend her petition to assert such a claim.

VI. Motion to Amend Concerning Service

Mrs. Amatucci has filed a motion to amend her complaint to add evidence to her "Monell" claims on the basis that the United

10

States Marshals ("USM") attempted to serve defendant Chase by serving process on the Town, but the Town did not then "serve" Chase or, apparently, accept service on his behalf. It appears that the attempted service of Chase at the Town offices was due to an oversight by the USM, in serving Chase's documents on the Town rather than at the address provided by Mrs. Amatucci on the summons form. The clerk's office has taken steps to prepare a new set of documents for the USM to serve on Chase at the correct address, and the Marshals remain under the court's November 17, 2017 (Doc. No. 26) Order to serve Chase.

Mrs. Amatucci now attempts to add a Monell claim to this case against the Town, for furthering their policy of violating her rights by failing to serve Chase with documents inadvertently served on the Town. Mrs. Amatucci's motion to amend, however, is based on the incorrect premise that the Town has any duty to serve Chase if they are inadvertently provided with his paperwork, which they do not. See 28 U.S.C. § 1915(d) (in a case where plaintiff is proceeding in forma pauperis, "officers of the court shall issue and serve all process"). Accordingly, the district judge should deny Mrs. Amatucci's motion to amend (Doc. No. 72), seeking to add a claim against the Town for failing to serve Chase.

## VII. Directed Verdict/Summary Judgment

Mrs. Amatucci has repeatedly demanded, in her filings in this matter, that the court immediately enter a directed verdict or summary judgment in her favor on the merits of the claims she has asserted in this case.  Mrs. Amatucci claims that her evidence is not susceptible to challenge, and that therefore, the court should deny the defendants any ability to conduct discovery or litigate the merits of her claims.

If Mrs. Amatucci wants to attempt to resolve the merits of this matter without a trial, she may do so by filing a properly supported motion for summary judgment in this case, to which the defendants are entitled to respond.  The district judge should deny Mrs. Amatucci's requests and motions seeking summary judgment or a directed verdict in her favor (Doc. Nos. 55, 73), without prejudice to her ability to file a properly supported motion for summary judgment in this case, or to seek a directed verdict from the court, as appropriate.  For the same reasons, the district judge should deny Mrs. Amatucci's request to skip the merits portion of any trial in this matter and proceed to a jury trial on the question of damages only.

## VIII. Motions to Clarify

Mrs. Amatucci has filed two motions (Doc. Nos. 46, 47) that appear to seek clarification of which claims the court has

allowed to proceed in this action, and which defendants remain in this action. The claims and defendants that remain in this action are clarified as follows:

> 1. Defendants (former) WPD Chief Stuart Chase, WPD Officer Shane Emerson, and (former) WPD Officer James O'Brien, sued in their individual capacities, violated Mrs. Amatucci's rights under the Fourth Amendment and under state tort law, by (a) subjecting her to a prosecution for a speeding offense alleged to have occurred on May 7, 2014, and (b) detaining her pretrial during that prosecution, without having probable cause, and with an improper purpose, where she was acquitted of speeding after a trial.[5]
>
> 2. The Town of Wolfeboro is liable to Mrs. Amatucci for subjecting her to prosecution for a speeding offense alleged to have occurred on May 7, 2014, and for her pretrial detention relating to that prosecution:
>
>> a. under a theory of municipal liability, on Fourth Amendment malicious prosecution claims; and
>>
>> b. under a theory of respondeat superior, as the employer of defendants Chase, Emerson, and O'Brien, on a state tort law malicious prosecution claim.

Accordingly, the motions to clarify should be granted, to the extent that this R&R clarifies the claims and defendants in this case. To the extent Mrs. Amatucci's motions to clarify request any other relief, the motions to clarify should be denied.

---

[5] If the district judge approves the recommendation, contained herein, to drop O'Brien from this action, he will no longer be a defendant to this claim.

## **Conclusion**

For the reasons set forth in this R&R, the undersigned magistrate judge recommends that the district judge:

1. Decline to add claims or defendants to this action that were dismissed by the January 10, 2018 Order (Doc. No. 44) (approving Nov. 17, 2017 R&R (Doc. No. 24));

2. Deny Mrs. Amatucci's requests to dismiss her state law malicious prosecution claims, without prejudice to her ability to move to dismiss or withdraw those claims should she still wish to do so after the court's clarification, in this R&R, of the claims before this court;

3. Deny plaintiff's motion to amend (Doc. No. 49) seeking to name James O'Brien as a defendant to this action, and grant plaintiff's motion to amend (Doc. No. 60) seeking to drop O'Brien from this action;

4. Deny Mrs. Amatucci's request to add a First Amendment retaliatory arrest claim to this action;

5. Deny Mrs. Amatucci's request to add Timothy Morgan as a defendant to the malicious prosecution claims in this action;

6. Deny Mrs. Amatucci's request to allow a RICO claim to be proceed against Timothy Morgan in this action;

7. Deny Mrs. Amatucci's request to allow a claim asserting that the Town retaliated against her, in violation of her First Amendment rights, by placing a lien on her property in December 2017;

8. Deny Mrs. Amatucci's motion to amend to allow a claim against the Town concerning service of Chase (Doc. No. 72);

9. Deny Mrs. Amatucci's requests for summary judgment and directed verdict, and to proceed to a jury trial on damages only, and deny Mrs. Amatucci's motion for summary judgment and/or a directed verdict (Doc. Nos. 55, 73), without prejudice to Mrs. Amatucci's ability to properly seek summary judgment or a directed verdict in this case at an appropriate time; and

10. Grant Mrs. Amatucci's motions to clarify (Doc. Nos. 46, 47) in part, to the extent the claims and defendants presently in this case are clarified in this R&R, and otherwise deny those motions.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

February 6, 2018

cc: Josephine Amatucci, pro se
    Daniel J. Mullen, Esq.
    Mark H. Puffer, Esq.