UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

    v.                                 Case No. 17-cv-237-JL

Stuart Chase et al.

## REPORT AND RECOMMENDATION
## FILING RESTRICTION

Plaintiff, Josephine Amatucci, has filed this action asserting Fourth Amendment and state law malicious prosecution claims against the Town of Wolfeboro ("Town"), the former Wolfeboro Police Department ("WPD") Chief Stuart Chase, WPD Officer Shane Emerson, and former WPD Officer James O'Brien.[1] The claims in this case relate to Mrs. Amatucci's state court prosecution for a speeding violation incurred on May 7, 2014.

### Background

Mrs. Amatucci has previously asserted the malicious speeding prosecution claims and a number of other claims arising out of and/or related to the events of May 7, 2014, in a number of cases brought in this court as well as in the District of Maine, and in New Hampshire state courts, as follows:

---

[1] Mrs. Amatucci has filed a motion (Doc. No. 60) to amend her petition to dismiss defendant James O'Brien from this action. In a separate Report and Recommendation issued this date, the court recommends that the District Judge grant that motion.

- Amatucci v. Town of Wolfeboro, No. 15-cv-093-SM (D.N.H.) (plaintiff's motion for voluntary dismissal of action granted on July 27, 2015)

- Amatucci v. Town of Wolfeboro, No. 15-cv-300-JL (D.N.H.) (plaintiff's motion for voluntary dismissal granted on February 12, 2016)

- Amatucci v. O'Brien, No. 15-cv-356-JL (D.N.H.) (malicious prosecution claims dismissed without prejudice, all other claims dismissed with prejudice, pursuant to June 7 and November 17, 2017 Orders)

- Amatucci v. Owen, No. 16-cv-082-JL (D.N.H.) (consolidated with 15-cv-356-JL July 22, 2016)

- Amatucci v. Chase, No. 16-cv-296-SM (D.N.H.) (plaintiff's motion for voluntary dismissal granted June 13, 2016)

- Amatucci v. Dube, No. 16-cv-207-JD (D.N.H.) (consolidated with 15-cv-356-JL July 25, 2016)

- Amatucci v. Chase, No. 16-cv-208-JL (consolidated with 15-cv-356-JL July 22, 2016)

- Amatucci v. New Hampshire, No. 16-cv-239-JL (D.N.H.) (dismissed November 4, 2016 for failure to state a claim upon which relief might be granted)

- Amatucci v. Morgan, No. 16-cv-255-LM (D.N.H.) (dismissed November 2, 2016 for failure to state a claim upon which relief might be granted)

- Amatucci v. Chase, No. 17-cv-419 (D.N.H.) (transferred from District of Maine, see Amatucci v. Chase, No. 17-cv-157-JDL (D. Me.); plaintiff's motion for voluntary dismissal granted on November 8, 2017)

- Amatucci v. Chase, No. 17-cv-582-JL (D.N.H.) (complaint dismissed December 18, 2017 as duplicative of 17-cv-237-JL (ECF No. 5); Report and Recommendation (ECF No. 6) recommending dismissal of complaint addendum issued January 19, 2018)

Mrs. Amatucci has not been granted relief in any of these cases.[2]

In one case, Amatucci v. O'Brien, No. 15-cv-356-JL ("Case 15-356"), all of the claims arising out of the May 7, 2014 events, except the malicious prosecution claims in this action, were dismissed with prejudice. See Nov. 17, 2017 Order, Case 15-356 (ECF No. 229). In the final Order dismissing Case 15-356, the court issued the following warning concerning vexatious filing:

> Plaintiff is now warned that, with the exception of the malicious prosecution claims addressed by this Order, all of the claims arising out of and related to the events of May 7, 2014, have been dismissed with prejudice. For that reason, should Amatucci file any new action asserting any claim related to the events of May 7, 2014, other than a malicious prosecution claim related to her prosecution for speeding on that date, she is on notice that the court will consider expanding the July 29, 2013 filing restrict[ion] to enjoin Amatucci from filing any new action concerning those events.

Case 15-356 (Doc. No. 29, at 12-13). Nevertheless, and without regard to the court's rulings explaining the res judicata effect of a dismissal with prejudice, Mrs. Amatucci has continued to reassert the claims dismissed with prejudice in Case 15-356, in

---

[2] In Amatucci v. Chase, 17-cv-582-JL, the court dismissed the complaint (ECF No. 1) filed in that matter, see Dec. 18, 2017 Order (ECF No. 5) (approving Nov. 17, 2017 R&R (ECF No. 3), but a Report and Recommendation (ECF No. 6) recommending the dismissal of a complaint supplement (Doc. No. 4) remains pending in that case.

new actions filed in this court, and in numerous documents filed in this case.

Mrs. Amatucci is already subject to a filing restriction issued by Judge McAuliffe on July 29, 2013, enjoining her "from commencing any further actions in this court arising from her 2003 arrest without prior approval from a judge of this court." July 29, 2013 Order, Amatucci v. Hamilton, No. 13-cv-87-SM (D.N.H.) (ECF No. 8), at 1-2 ("2013 Filing Restriction"). Despite that previous prohibition, and similar filing restrictions that have entered in the state courts, Mrs. Amatucci has persisted in engaging in abusive and vexatious litigation practices.

## Discussion

"Federal courts 'possess discretionary powers to regulate the conduct of abusive litigants.'" United States v. Gómez-Rosario, 418 F.3d 90, 101 (1st Cir. 2005) (citation omitted). "'[E]xtreme circumstances involving groundless encroachment upon the limited time and resources of the court and other parties,'" may justify a federal court's issuance of an injunction barring a party from further filing frivolous and vexatious lawsuits. Otis Elevator Co. v. Int'l Union of Elevator Constructors, Local 4, 408 F.3d 1, 10 (1st Cir. 2005) (citation omitted). Any

"restrictions imposed must be tailored to the specific circumstances presented." Cok v. Fam. Ct., 985 F.2d 32, 34 (1st Cir. 1993). Further, before a filing restriction may be imposed, a litigant must be "warned or otherwise given notice that filing restrictions [are] contemplated." Id. at 35. In determining whether a filing restriction is appropriate in this case, the court recognizes "that the use of broad filing restrictions against pro se plaintiffs 'should be approached with particular caution.'" Cok, 985 F.2d at 35 (citation omitted).

This case is in its very early stages. Nevertheless, Mrs. Amatucci has filed dozens of documents asserting claims and arguments that have already been denied by this court at least once, and sometimes on multiple occasions, and that are barred by the judgment in Case 15-356. Further, Mrs. Amatucci has not been dissuaded in her repetitious and abusive filings by the fact that she has already been enjoined in the 2013 Filing Restriction, from filing complaints concerning certain matters without leave of court. Nor has she been deterred by this court's warning in the final Order issued in Case 15-356 as to the consequences of engaging in the abusive litigation practices she has exhibited since the issuance of that Order.

Accordingly, for the foregoing reasons, a new filing restriction is warranted here, in addition to the 2013 Filing Restriction, which should remain in place.  The Magistrate Judge recommends that, going forward, the District Judge enjoin Mrs. Amatucci from filing any new pro se action in this court against any defendant sued in Case 15-356, and the privies of those defendants, arising out of the events of May 7, 2014, the ensuing state prosecution, and/or the "No Trespass Order" at issue in Case 15-356, without first obtaining prior approval from a judge of this court.[3]

The court further recommends that any new action filed by Mrs. Amatucci shall be docketed into a master miscellaneous file, along with the 2013 Filing Restriction, and presented to a judge of this court for review to determine whether the filing complies with the terms of this injunction and the 2013 Filing Restriction.  If the filing violates the injunction, the court will reject the filing and return any filing fee paid.  The recommended injunction does not prevent Mrs. Amatucci from

---

[3]In a Report and Recommendation issued this date, the court has recommended that the district judge issue a "Case-Specific Management Order" requiring Mrs. Amatucci to accompany her filings in this matter with an affidavit or declaration under 28 U.S.C. § 1746, that the claims and arguments therein are not repetitive of issues that she has previously asserted, and that have been rejected by the court.  Nothing in this Report and Recommendation is intended to impact or alter that recommendation.

pursuing any meritorious claims which have arisen or may arise in the future, and that are appropriately brought in this Court.

### Conclusion

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

February 6, 2018

cc: Josephine Amatucci, pro se
    Daniel J. Mullen, Esq.
    Mark H. Puffer, Esq.